ACCEPTED
01-14-00027-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/31/2015 2:48:36 PM
CHRISTOPHER PRINE
CLERK

LAW OFFICES OF **MARTIN J. SIEGEL**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
3/31/2015 2:48:36 PM
CHRISTOPHER A. PRINE
Clerk

March 31, 2015

Christopher A. Prine
Clerk of Court
First Court of Appeals
301 Fannin Street
Houston, Texas 77002

Re:   *Tory House, et al. v. The O'Quinn Law Firm, et al.*
      No. 01-14-00027-CV

Dear Mr. Prine:

Appellants respectfully submit this letter in response to Appellees' ("the Firm's") "Sur-Reply Brief" filed in the above-referenced appeal on March 26, 2015. Please distribute this letter to the panel hearing this appeal.

The Texas Rules of Appellate Procedure do not provide for a surreply from the appellee. *See, e.g., In re KFC USA, Inc.* 1998 WL 4277284 (Tex. App. – Dallas 1998) (not designated for publication) (striking surreply: "The rules of appellate procedure do not permit a 'sur-reply'. Wood did not request leave of court to file the 'sur-reply' brief"). Nonetheless, the Firm filed one without moving for leave. "The filing of improper sur-reply arguments is unfair to appellants who bear the burden of demonstrating prejudicial error in the decision being appealed and, therefore, are entitled to the last word in both the briefs and at oral argument on their appeal." *Princess Cruises, Inc. v. U.S.*, 397 F.3d 1358, 1361 (Fed. Cir. 2005). If the Court considers the Firm's Sur-Reply Brief, Appellants ask that it also consider their responses herein.

## I.      Appellants' Argument is Not New

The Firm initially repeats the argument in its main brief that Appellants' claims are actually based on their having silicosis. *See* Sur-Reply at 1-3. This point is addressed fully in Appellants' reply brief and need not be rehashed here. *See* Reply, Point III. But the Firm then goes further and claims Appellants never disclaimed the duty to prove they have silicosis when opposing summary judgment: "Since the appellants never asserted they were not required to prove silica injuries in their response, they cannot raise it for the first time now." Sur-Reply Brf. at 3.

Bank of America Center
700 Louisiana, Suite 2300
Houston, Texas 77002

713.226.8566
martin@siegelfirm.com

www.siegelfirm.com

In fact, when opposing the summary judgments, Appellants made clear that their claims included the mishandling of their settlements, and that they do not need to establish silicosis according to TEX. R. EVID. 702. For example, Appellants' opposition to the motion stated: "In addition, Plaintiff's claims of negligence are based on a number of various issues, some claims of which a silicosis medical report is not necessary. Plaintiffs have sued the OLF Defendants for not timely processing settlements: this is not a medically based claim against defendants, it is rooted in shoddy and incompetent representation." CR 5291-92.

In the same vein, Appellants argued that *Elizondo v. Krist*, 415 S.W.3d 259 (Tex. 2013) requires denial of summary judgment because both cases involve "Defendants' failing to diligently process Plaintiffs' underlying claims to obtain settlements." CR 5296. Appellants also specifically discussed the evidence showing that Sanstorm settlements – for which all Appellants were eligible – would have been paid absent the Firm's negligence: "Had the Firm simply enforced the Rule 11 agreement and processed the settlement, Plaintiffs would have obtained their portion of the settlement." CR 5346. The same was true for Clemtex. CR 5346-47.

Appellants' view that, legally, they do not have to prove they suffer from silicosis was also repeatedly discussed at hearings and plainly understood by the court and the Firm's counsel. For example, the following colloquy occurred at a hearing after the court excluded Harron's reports and the Firm moved for a case management order setting a schedule for the summary judgment motions:

Mr. O'Brien: There's a reason after two years they haven't gone to see another doctor for a diagnosis of silicosis, silica injury, because they don't have the disease. And so they can rest on their negligent settlement theory. They can –

The Court: Well, in fairness to plaintiffs' counsel, *the reason they haven't done that is because they don't think they need to prove that*.

Mr. O'Brien: *True enough*. But you've already ruled that they do. So where – what happens next? The trial court rules one way. The lawyer then has to take an appeal, when it's appropriate to take an appeal.

RR 2/24-25 (emphasis added).

At a later hearing, the parties and the court were discussing *Elizondo*, and Appellants' counsel reiterated that their claims were for negligent management of the settlements irrespective of silicosis diagnoses: "This is past the point of whether or not they've got silicosis." RR 6/21; *see also* RR 7/17 ("this is a failure to process

settlements, not a failure to obtain settlements… All they had to do was send the information to the folks and get the check").

Finally, at the hearing on the summary judgment motions and the Firm's motion to exclude Harron B-reads filed by Appellants in opposition to summary judgment, the Firm's counsel expressly acknowledged that Appellants weren't trying to prove they have silicosis but were arguing that such proof was unnecessary:

> Instead, what they've done is they've come forward with Dr. Harron's B-Reads, which are excluded by your prior – two prior orders and argue the same thing as before, *which is, we don't have to prove that they're injured. We just go back to when Dr. Harron's reports were accepted.* It makes no difference whether he was unreliable, whether or not these reports have no evidentiary basis today, you know, on your 702 challenge. They basically just rehash every argument they've ever made about suit within a suit and don't bring anything new.

RR 9/11-12 (emphasis added). The court echoed this in a question to Intervenors' counsel: "*You're saying we don't have to prove any medical at all*, and then you're offering – re-offering the Harron B-reads." RR 9/15 (emphasis added). Intervenors' counsel responded that the Harron reports were only being offered to show that the existing documentation "would have met the criteria of the underlying settlement." *Id.*

Thus, the court and parties well understood Appellants' position in the probate court, which is the same as their position in this appeal: Appellants need not prove they have silicosis in order to make out a legal malpractice claim for mishandling available settlements. Appellants did say in their response that they have silicosis based on Harron's and other doctors' diagnoses, CR 5291-95, but they simultaneously argued that proof under Rule 702 was unnecessary, and the court had already excluded Harron's reports in any case. CR 224. Given the Firm's trial counsel's multiple, clear statements that he understood that Appellants weren't trying to prove they have silicosis, its new claim in its surreply that Appellants "never asserted they were not required to prove silica injuries in their response" could not be emptier.

## II. The Firm's Complaints About Appellants' Evidence That The Silica Companies Would Have Paid Their Settlements Are Irrelevant

In their reply, Appellants explain why they did not need to prove that the silica companies would have paid their settlements in order to defeat the motions for summary judgment. *See* Reply, Point II. The summary judgment was limited to the legal issue of whether Appellants must prove they currently have silicosis under Rule 702 standards in order to establish their legal malpractice claims. *See id.* In its surreply, the Firm acknowledges that the factual question of whether Appellants' settlements actually would have been paid is irrelevant to the summary judgment and this appeal: "*Although Not*

Christopher A. Prine
*House v. O'Quinn*, 01-14-00027-CV
March 31, 2015

*Material To The Summary Judgment 'Causation' Issue On Appeal*, The Appellants Identify No Probative Evidence That The Silica Defendants Would Have Paid Their Claims." Sur-Reply Brief at 4 (emphasis added).

Yet the Firm's acknowledgment that the issue is irrelevant does not prevent it from offering four pages of argument disputing Appellants' evidence filed in opposition to summary judgment showing that, actually, the silica defendants would have paid Appellants' settlements if provided with the documentation the Firm compiled for them, including Harron's reports. *See id*. The Firm highlights isolated bits of evidence from a voluminous record and nitpicks the credibility and knowledge of its own lawyer, Abel Manji, who managed the Firm's silica docket. *See id*. In reality, this is a disputed issue of fact, and Appellants' evidence that their settlements would have been accepted and paid includes Manji's deposition testimony, proof that some Appellants claims *were* paid by the silica companies, the fact that Harron-supported claims are still being processed by some companies, and other evidence. *See* Appellants' Brf. at 8-15.

Regardless, since the Firm admits that this factual dispute is irrelevant to this appeal, the Court need not consider the question or delve into the Firm's narrow complaints about Appellants' proof.

Thank you for your consideration of these matters.

Respectfully,

/s/    *Martin J. Siegel*
Martin J. Siegel
*Counsel for Appellants*

4

Christopher A. Prine
*House v. O'Quinn*, 01-14-00027-CV
March 31, 2015

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing letter was served on counsel of record

for Appellees on March 31, 2015 by electronic means:

Levon Hovnatanian
Dale Jefferson
Martin, Disiere, Jefferson & Wisdom LLP
808 Travis Street, Suite 1800
Houston, TX 77002
Hovnatanian@mdjwlaw.com
Jefferson@mdjwlaw.com

Kenneth Breibeil
Norma Bennett
McFall, Breitbeil & Edelman, P.C.
Five Post Oak Park
4400 Post Oak Parkway, Suite 2850
Houston, TX 77027
kbreitbeil@mcfall-law.com

Jim Peacock
Law Offices of Jim Peacock
112 East 4th Street
Houston, TX 77007
jimpeacock@msn.com

*Counsel for Appellees*

/s/         *Martin J. Siegel*         
Martin J. Siegel